El Pueblo de Puerto Rico, demandante y apelado, *v.*
Miguel Rodríguez Vázquez, acusado y apelante.

Núm. 10033.—*Sometido:* Junio 17, 1943. *Resuelto:* Noviembre 1, 1943.

*José R. Fournier,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El apelante fué convicto por la Corte de Distrito de Bayamón de un delito de acometimiento y agresión grave y sentenciado a cumplir diez meses de cárcel. El agravante alegado en la denuncia consiste en que "las heridas inferidas son de carácter grave" y como único error alega el apelante que no se probó agravante alguno en el caso.

La prueba de El Pueblo demostró que el acusado le dió dos heridas a Antonio Pérez con un arma cortante—cuya naturaleza no se probó pues no fué ocupada—una en un brazo y otra en el costado izquierdo, de las que fué curado en el Hospital de Distrito pero sin quedar recluído pues el mismo día regresó a su hogar.

La prueba que tendió en alguna forma a demostrar el carácter de las heridas fué la manifestación de un policía que dijo, a preguntas del juez, que la herida del costado izquierdo era de "carácter grave". El acusado solicitó la eliminación de esa conclusión y fué denegada por la corte. También aparece que Pérez mostró al juez las cicatrices de las heridas.

Si bien es cierto que el acusado no anotó excepción a la resolución de la corte denegando la eliminación solicitada, somos de opinión que la simple declaración de un policía en cuanto al carácter de una de las heridas, no corroborada por prueba pericial o de otra naturaleza, es una mera conclusión insuficiente para establecer el agravante imputado en este caso. Tampoco puede sostenerse como concluyente que el aspecto de una cicatriz sea por sí suficiente para probar dicha alegación. En el caso de *El Pueblo* v. *Fonseca*, resuelto en 31 de julio de 1943 (ante, pág. 433), hemos discutido más ampliamente la misma cuestión. En el caso de autos la prueba fué aun más débil que en el de Fonseca, por no haberse probado la naturaleza del arma usada y por haberse hecho oposición por la defensa a la declaración del policía.

*Debe modificarse la sentencia dictada por la corte inferior en el sentido de declarar culpable al acusado de un delito de acometimiento y agresión simple, imponiéndosele una pena de cincuenta dólares de multa o en defecto de su pago un día de cárcel por cada dólar que dejare de pagar, y así modificada, confirmarse.*

El Juez Asociado Sr. Snyder no intervino.